**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 18, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10944
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FLOR MARIA ZARATE-RAMIREZ, also
known as Flor Maria Zarate,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Norhern District of Texas
USDC No. 3:03-CR-74-ALL-L
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

     Flor Maria Zarate-Ramirez appeals the sentence imposed

following her guilty plea conviction of being found in the United

States after deportation/removal in violation of 8 U.S.C. § 1326.

Zarate-Ramirez argues that the prior conviction that resulted in

her increased sentence is an element of a separate offense under

8 U.S.C. § 1326(b) that should have been alleged in her

indictment.  She maintains that she pleaded guilty to an

--------

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

indictment which charged only simple reentry under 8 U.S.C. § 1326(a).  She argues that her sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses.  The Court further held that the sentencing provisions do not violate the Due Process Clause.  Id. at 239-47.  Zarate-Ramirez acknowledges that her argument is foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  She seeks to preserve her argument for further review.

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).  The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief.  In its motion, the Government asks that an appellee's brief not be required.  The motion is GRANTED.

AFFIRMED; MOTION GRANTED.